## MILLER v. FARMERS' STATE BANK & TRUST CO. et al. (No. 1330.)

(Court of Civil Appeals of Texas. El Paso. May 4, 1922.)

**1. Judgment** ⊙⟿233—**Final only when whole matter is disposed of as to all parties; "final judgment."**

A judgment is "final" only when the whole matter in controversy is disposed of as to all parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**2. Appeal and error** ⊙⟿79(1)—**No appeal from judgment for cross-defendant against defendant following continuance of plaintiff's case against defendant.**

In an action on a note, in which defendant sought judgment over against a third party, who, he alleged, agreed to pay it, where the main case was continued by plaintiff, and no severance was directed or had as between defendant and cross-defendant, the appellate court was without jurisdiction of an appeal from a judgment for cross-defendant against defendant on the issues joined between them, there being no final judgment.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by the Farmers' State Bank & Trust Company against J. E. Miller and others, in which E. A. Keith was made a party defendant. From a judgment for defendant Keith against defendant Miller, the latter appeals. Appeal dismissed.

Thos. J. Pitts, of Gorman, and Grisham Bros., of Eastland, for appellant.

Burkett, Anderson & Orr, of Eastland, for appellees.

WALTHALL, J. The Farmers' State Bank & Trust Company of Gorman, Tex., brought this suit against J. E. Miller, C. W. Beale, and Jesse Allen to recover upon a promissory note for the sum of $5,084.60, made payable to the plaintiff bank and signed by said Miller, Beale, and Allen and providing for interest and attorney fees and to foreclose a chattel mortgage given by Miller to secure its payment.

Miller answered, admitting the facts pleaded by the bank, and by special answer alleged that he had entered into a contract of sale and certain other matters with E. A. Keith, the terms and particulars of which we need not fully state, but involved a sale by Miller to Keith of certain properties, including the properties embraced in his mortgage to the bank, alleged the assumption by Keith to pay off and discharge the said note to the plaintiff bank, and alleged that Keith had made a cash payment to him of $3,000 and the execution and delivery by Keith to Miller

of a promissory note for $2,500 payable to Miller, and held in escrow by the Desdemona State Bank & Trust Company. Miller asked that Keith be made a party defendant, and that he have judgment against him for his debt, for the cancellation of a bill of sale of certain properties growing out of his contract with Keith, and that he have possession of said property, and general and special relief. Keith answered to Miller's suit, pleaded general demurrer, general denial and by special answer pleaded his version of the contract entered into with Miller, which we need not fully state, and prayed that he have judgment against Miller for the recovery of the $3,000 paid by him to Miller, and that he have judgment for certain damages stated by reason of the matters pleaded, all growing out of the contract between himself and Miller, and for the cancellation of his $2,500 note, and cancellation of his sale transaction with Miller, as pleaded.

Miller was not served with citation to answer Keith's cross-action and filed no answer thereto.

The judgment recites that—

"Miller appeared by counsel, and defendant E. A. Keith appearing in person and by counsel, and both of said defendants having waived the services of a jury, and the court having granted the plaintiff in this cause a continuance to perfect and complete service, and having found that defendant E. A. Keith was entitled to a hearing on his cross-action against defendant J. E. Miller, and the court having heard the evidence and the argument of counsel, and being fully advised in the premises, finds that the defendant E. A. Keith is entitled to a judgment against the defendant J. E. Miller in the sum of $5,000 as prayed for, and for the cancellation of the $2,500 note being held in escrow in the Desdemona State Bank & Trust Company of Desdemona, Tex., the same being executed by said E. A. Keith in favor of J. E. Miller; and the court further finds that the defendant E. A. Keith is in no way responsible to or indebted to the plaintiff Farmers' State Bank & Trust Company, on account of said note and mortgage for the sum of $5,084.60, executed by J. E. Miller, and that Keith is not entitled to any part of the personal property mentioned in the contract of sale and bill of sale dated July 14, 1920, executed by J. E. Miller in favor of E. A. Keith."

The court rendered judgment in favor of Keith and against Miller in the sum of $5,000 and canceled the $2,500 held in escrow; adjudged that Keith be not held responsible to the plaintiff bank, on its note, by reason of having assumed to pay it, as impleaded by Miller, released the property covered by the bill of sale from Miller to Keith from any claim of Keith, and canceled the bill of sale; directed that the Desdemona Bank deliver to Keith the $2,500 note. The suit of the plaintiff bank having been continued, the court entered no order or judgment in the main or principal suit on any issues tendered by the bank. The plaintiff Farmers' State Bank & Trust Company and Miller filed a motion to set aside the judgment and grant a new trial. The court overruled the motion as to Miller, and made no order on the motion as to the bank. Miller alone gave notice of appeal.

[1] The first two propositions submitted are directed to want of finality in the judgment. These contentions must be sustained. Our statute provides that only one final judgment shall be rendered in any cause, except where it is otherwise specifically provided by law. A judgment is final only when the whole matter in controversy is disposed of, as to all parties. Wooters v. Kauffman, 67 Tex. 488, 3 S. W. 465. The following cases also, we think, are in point: J. I. Case Threshing Machine Co. v. Lipper (Tex. Civ. App.) 179 S. W. 701; Cock v. Marshall Gas Co. (Tex. Civ. App.) 224 S. W. 527, and the cases there referred to.

[2] As seen from the above statement, the main or principal case had been continued by the bank to perfect service. No severance was directed, or had, if one could have been had, as between Miller and Keith. Miller had pleaded that Keith had assumed to pay the note sued on by the bank. If the issues joined as between Miller and Keith could properly be heard and determined in the suit by the bank against Miller, Beale, and Allen, and the court evidently so held by continuing the main case without a severance, as to Miller and Keith, the whole case as to all parties and all issues, we think, was continued for the term. While the plaintiff bank was not interested in the issues joined between Miller and Keith, and had not made Keith a party defendant in the suit on any of the issues, yet they had been made issues in the case, the judgment was not entered as interlocutory, and we cannot see how one final judgment could be rendered after continuing the main case without a severance as to Miller and Keith, and after trial on the collateral issues between Miller and Keith, and judgment on the collateral issues rendered.

A trial on separate and distinct issues in a case, and separate judgments rendered thereon without a severance, or the judgment taken as interlocutory, would tend to confusion, and would be in violation of the express provision of the statute.

There being no final judgment, this court is without jurisdiction, and the appeal is dismissed.