**ANDERSON v. CLAXTON et al.** (No. 2782.)

(Court of Civil Appeals of Texas. Amarillo, March 2, 1927.)

**Appeal and error ⚬⟞⟶79(2)—Judgment; finally disposing of cause only as to part of defendants, is not final and appealable.**

Judgment sustaining the general demurrer to petition as to part only of the defendants filing it, and dismissing them from the action, leaving the cause to be tried as between plaintiff and the other defendants, is not a final judgment from which plaintiff can appeal.

Appeal from District Court, Parmer County; Reese Tatum, Judge.

Action by J. B. Anderson against Herbert Claxton and others. From an adverse judgment, plaintiff appeals. Appeal dismissed.

---

**Tex.)** SLAUGHTER v. MORRIS **961**
(291 S.W.)

A. B. Crane, of Raymondville, for appellant.

W. H. Russell, of Hereford, E. F. Lokey, of Farwell, and Hall & McGhee and A. W. Hockenhull, all of Clovis, N. M., for appellees.

JACKSON, J. The plaintiff, J. B. Anderson, brought this suit in the district court of Parmer county, Tex., against the defendants Herbert Claxton, J. H. Elder, J. C. Williams, O. C. Sikes, J. R. Eason, Charles S. Milton, W. Howell, the Border Motor Company, a corporation, D. C. Houk, Precella Mordecai, wife of J. W. Mordecai, deceased; Palma Mordecai, Bernice Harris and her husband, J. H. Harris, who are the adult children, and Mamie Joe Mordecai, who is the minor child of Precella Mordecai and her deceased husband, J. W. Mordecai.

We make no statement of the alleged cause of action against the defendants as set up by plaintiff in various pleadings, for the reason that the record discloses that all of defendants except O. C. Sikes, who filed a disclaimer, urged a general demurrer to plaintiff's petition, and that the court entered judgment sustaining the general demurrer of the defendants Herbert Claxton, J. H. Elder, J. R. Eason, J. C. Williams, W. Howell, Charles S. Milton, and the Border Motor Company, and dismissing them from the suit. The record does not reveal what action the court took on the general demurrers urged by the other defendants, and the presumption is that they were overruled, leaving plaintiff's cause of action to be tried as between him and such other defendants. This was not a final judgment from which an appeal to this court will lie.

"It is clear that this is not a final judgment, because it fails to dispose of all of the parties to the suit, and therefore no right of appeal therefrom is given by the statute, and this court has acquired no jurisdiction of the case by the appeal. Martin v. Crow, 28 Tex. 615; Rodrigues v. Trevino, 54 Tex. 201; Linn v. Arambould, 55 Tex. 618; Whitaker v. Gee, 61 Tex. 217; Bradford v. Taylor, 64 Tex. 169; Railway Co. v. Scott, 78 Tex. 361, 14 S. W. 791. The reason of this rule is obvious. Until the trial court has disposed of all the issues in the case, as such issues affect all of the parties to the suit, the jurisdiction of that court is not exhausted, and it has the right to change or set aside any intermediate judgment it may have rendered. As long as the jurisdiction of the trial court to set aside or modify its judgment remains, it is clear that any judgment rendered by it is not final." Steinhardt & Co. v. Galveston Cotton Seed Meal Co. (Tex. Civ. App.) 138 S. W. 825.

"A judgment, for the purpose of appeal, is not final, unless the whole of the controversy is disposed of, and as to all parties. The statute provides that only one final judgment shall be rendered in any cause, except where other-wise provided by law. A judgment is not final which disposes of a portion of a cause or some of the parties, and leaves issues open and to be determined as between others." Saenz v. Cohn (Tex. Civ. App.) 148 S. W. 367, 368.

See, also, Wootters v. Kauffman, 67 Tex. 488, 3 S. W. 465, and Owens v. Mitchell, 33 Tex. 226.

Because this court is without jurisdiction, the appeal is dismissed.