## LUBELL v. SUTTON.

No. 5958.

Court of Civil Appeals of Texas. Texarkana.

July 9, 1942.

Rehearing Denied July 30, 1942.

Pollard, Lawrence & Reeves and Geo. P. Blackburn, all of Tyler, for appellant.

Mayfield, Lee & Lantz, of Tyler, for appellee.

JOHNSON, Chief Justice.

This suit was filed October 1, 1936, by appellant, Samuel L. Lubell, trustee, against appellee, A. M. Sutton, upon the proceedings of an Arkansas Chancery Court, alleged to be a final judgment, upon which there is a balance due of $79,691.02 and interest thereon from February 25, 1927, at the rate of 8% per annum. By special exceptions to the petition and as a defense to the suit, appellee pleaded that the alleged proceedings in said chancery court were interlocutory and did not constitute a final judgment. Appellee further pleaded that the deficiency or balance due upon such judgment after applying the proceeds of the sale of the property upon which a foreclosure of a deed of trust lien was had in said cause, had been discharged, or, in the alternative, that appellant was estopped to assert that it had not been discharged, because of an agreement entered into between appellant and appellee, prior to said foreclosure sale whereby appellee agreed to and did thereupon refrain from delaying, hindering or obstructing said sale, and from filing a voluntary petition in bankruptcy, upon appellant's agreement to waive any deficiency or balance remaining unpaid upon said judgment after crediting it with the proceeds of said foreclosure sale.

In response to special issues the jury found that appellant and appellee did enter into the agreement as alleged by appellee, and that in reliance upon such agreement appellee ceased his efforts to delay or hinder said foreclosure sale or to institute said bankruptcy proceedings.

Appellant filed a motion for judgment non obstante veredicto; and appellee filed a motion for judgment (1) upon the verdict of the jury; and (2) upon his plea that the judgment sued upon was not a final judgment. Upon hearing said motions, the court concluded that the facts found by the jury constituted no defense to appellant's suit because the agreement entered into by and between appellant and appellee as affecting said foreclosure sale was against public policy, but the court further found that the uncontradicted evidence introduced upon the trial of the present case showed that the judgment sued upon by appellant was interlocutory and does not constitute a final judgment, and upon that ground the court entered judgment that appellant take nothing.

Point 8 asserted by appellant raises the contention that the trial court erred in finding and holding that the evidence in the present suit shows that the judgment sued upon was not a final judgment.

The record of the proceedings of the Arkansas chancery court introduced in evidence in the present suit shows that in 1926 Mrs. Janet Hughes as plaintiff filed in the Chancery Court of Ouachita County, Arkansas, cause No. 1027, against Sutton Oil Company, a corporation, A. M. Sutton, Ben Sutton, and Samuel L. Lubell, trustee, as defendants. Subsequently Samuel L. Lubell, trustee (appellant herein), filed in said suit a cross-complaint against Sutton Oil Company, A. M. Sutton, and Ben Sutton as cross-defendants to recover the balance due upon certain notes theretofore executed by said cross-defendants and to foreclose a deed of trust lien given to secure payment of said indebtedness, on certain oil properties owned by Sutton Oil Company.

On November 15, 1926, a hearing of said cross-complaint was had before the chancery court and a decree entered therein reciting the appearance of the parties, and that the cause was submitted to the court on the pleadings, notes, deed of trust and verified account filed by cross-complainant, and that by consent of the parties it was ordered, adjudged and decreed that said cross-complainant do have and recover of and from Sutton Oil Company, A. M. Sutton, and Ben Sutton, jointly and severally, the sum of $155,174.90, together with interest thereon at the rate of 8% per annum from October 18, 1926, until paid, "and that cross complainant, Samuel L. Lubell, Trustee, may have execution or writ of garnishment, in form as upon a judgment at law, for the same or any part thereof that may remain unpaid after the proceeds of the sale of the property therein provided for shall be credited upon the amount thus adjudged to be due." It was further decreed that cross-complainant have a foreclosure of the deed of trust lien on the property described, and that said lien was superior and paramount to any and all rights of defendants, or any other person claiming an interest or equity in said property acquired since

the filing of said mortgage on May 19, 1925, "except such claims as may be adjudged in this action to be prior to said mortgage upon a final hearing herein on exceptions filed to the master's report." The decree further provides that unless the judgment is paid within 30 days the property be sold by the commissioner appointed by the court after advertising, same as provided for in the decree. The decree further provides that in the event cross-complainant become the purchaser at such sale, the judgment be credited with the amount of his bid, less the court costs, and fees of commissioner and master and receiver therein; "and the amount of such claims as may be held to be prior to the rights of said Samuel L. Lubell therein upon a final hearing on exceptions filed to the master's report herein * * *." The decree then concludes as follows:

"That D. W. Harrell, master and receiver herein, is hereby appointed as commissioner of this court to execute this decree, and is directed to make the sale, as herein provided for and to report his actions hereunder to this court.

· "The rights of priority as between Samuel L. Lubell and the intervenors herein and all lien claimants who have filed claims herein, are expressly reserved for later adjudication, it being the intention of the court that a hearing on said claims shall be had prior to said sale, at which time a decree will be entered adjudicating the rights of the different parties hereto, and the court expressly retains jurisdiction of said cause for that purpose. All parties to said action are hereby given ten days from this date in which to file exceptions to the report of the master heretofore filed in said cause. If said sale is had prior to an adjudication as to the rights of priority of the different parties herein, it is ordered that the proceeds derived from said sale be paid into the registry of this court and held for an order of distribution.

"And the court doth retain control of this cause for such further orders as may be proper to enforce the rights of the parties hereto, as herein adjudged, and the rights of such as may hereafter become parties to this cause by proper proceedings."

Subsequent to entry of above decree, the following proceedings are shown to have been had in said cause: November 22, 1926, exceptions of the United States Government to the master's report, the United States Government claiming a tax lien prior to that held by Lubell. May 17, 1927,

order of the chancery court overruling said exceptions to master's report. February 23, 1927, report of the commissioner showing that he had sold the property in accordance with the foreclosure decree and that Samuel L. Lubell, trustee, became the purchaser for $110,002. February 23,. 1927, order of the court confirming the foreclosure sale and directing execution and delivery of deed to Samuel L. Lubell, trustee. February 25, 1927, commissioner's deed conveying the property to Samuel L. Lubell, trustee. May 17, 1927, order of the court dis · missing the petition of plaintiffs Mrs. Janet Hughes and others, without prejudice. June 13, 1927, supplemental report of master in chancery, showing that one O. J. Burnett had filed an intervention in the cause on November 3, 1926, claiming a laborer's lien on the property for $76.20, "and that said claim was filed after the original report of the master was filed and that said claim had not heretofore been called to the attention of the court." The report asked that the claim be allowed and that the master be authorized to pay same, and "that the original report of the master theretofore filed be approved, and that the receiver herein be authorized to pay from funds now in his hands all claims allowed by the court, and also the debts incurred by said receiver during the period the property involved herein was operated by such receiver." June 13, 1927, order of the court approving such supplemental report of the master "and that the original report of the master heretofore filed be and the same is approved." This order authorized the receiver to pay all claims which had been allowed as liens on the property foreclosed upon. July 18, 1927, order of the court allowing labor claim of G. W. Sutton for $1,625.25. July 18, 1927, final report of receiver filed. This report is in full, and among other things, brings forward and shows the amount, $155,174.90, and interest recovered by Samuel L. Lubell, trustee, against Sutton Oil Company, A. M. Sutton and Ben Sutton in the decree of November 15, 1926; that the property had been sold in accordance with said decree and that Samuel L. Lubell, trustee, had purchased same for $110,002; that Lubell had deposited with the receiver $24,371.17 for the purpose of paying court costs and all claims adjudged against the property; that all such claims had been paid except the claim of G. W. Sutton, which claim had been allowed and the receiver asked that he be allowed to pay the amount into the registry of the court to be paid to G. W. Sut-

5

ton. The report showed the amounts received and amounts paid out by the receiver in the operation of the property, the payment of costs to the clerk of the court, fees of the receiver and master in chancery, attorneys' fees, and lien claims; that there remained in the hands of the receiver a balance of $3,979.53 with which to pay the claim of G. W. Sutton and any remaining unpaid court costs; that after such final accounting there remained the sum of $85,-630.83 to be credited on the judgment from the sale of said property. July 18, 1927, order of the court approving said final report of the receiver, which order in part recites: "and it further appearing that all claims adjudicated to be prior to the lien and claim of Samuel L. Lubell, Trustee, have been paid, or the money with which to pay the same deposited in the registry of the court, and it further appearing that all funds coming in to said receiver's hands or possession have been disbursed according to the orders of this court, it is considered, ordered, adjudged and decreed that final report of said receiver be and the same is hereby in all things approved." This order discharges the receiver and his bondsmen from further liability, and also discharges Samuel L. Lubell, trustee, and his bondsmen from the conditions of the bond executed to secure the purchase price of said property at said foreclosure sale. December 14, 1926, order of the court reviving the judgment.

It is well settled that an action may not be maintained in this state upon a judgment recovered in a sister state unless it is a final judgment. Walker v. Garland, Tex.Com.App., 235 S.W. 1078; 34 C.J. 1105, Sec. 1570; Freeman on Judgments, 5th Ed., Sec. 1391. The laws of the State of Arkansas not having been pleaded and proven, finality of the judgment here sued upon must be determined by the laws of this State. Walker v. Garland, supra. A final judgment is one that determines the rights of all the parties and disposes of all the issues involved. 25 T.J. 369, Sec. 7; 3 T.J. 109, Sec. 54 et seq. A judgment may be interlocutory because it only partially or incompletely disposes of the parties or issues, as where it reserves for adjudication by the court at a later date some issue or issues between the parties to the suit. 3 T.J. 126, Sec. 62. The judgment rendered by the Arkansas chancery court on November 15, 1926, expressly reserved for future adjudication the issues between the parties as to the priority of their liens on the property ordered to be sold, thus rendering it interlocutory. As a general rule, "a decree of foreclosure by sale, even though providing for an ultimate personal liability for any deficiency, is not a final personal judgment for a definite sum and cannot be enforced by action at law until the amount of the deficiency has been fixed." Freeman on Judgments, 5th Ed., Sec. 1066. But in determining the finality of a judgment we are authorized to consider it in the light of the entire record therein. Ware v. Jones, Tex.Com.App., 250 S.W. 663. And when the subsequent proceedings are examined in connection with the interlocutory decree entered November 15, 1926, it affirmatively appears that the property foreclosed upon had been sold in accordance with the order of the court; that the rights of the lien claimants have been finally adjudicated; that all persons adjudged prior liens to that of Samuel L. Lubell, trustee, have been paid; that the amount remaining had been credited upon Lubell's judgment, definitely fixing the deficiency, all of which was brought forward and summarized in the final report of the receiver and judgment of the court approving same on July 18, 1927, thus finally disposing of all parties and all matters before the court. We think the interlocutory decree entered November 15, 1926, is shown to have been made final by the decree of the court entered July 18, 1927, approving the final report of receiver, when read in the light of the record leading up to the last-mentioned decree; and that said last-mentioned decree may correctly be characterized as the final judgment, within the terms of R.S.1925, Article 2211, providing that "only one final judgment shall be rendered in any cause." The entry of an interlocutory decree and the subsequent entry of a decree in the same cause, the effect of which latter decree is to make the former final, does not violate the provision of said statute.

The judgment of the trial court will be reversed and judgment here rendered in favor of appellant against appellee for the amount sued for.