### DUNN et al. v. TILLMAN.
### No. 4891.

Court of Civil Appeals of Texas.
Beaumont.

March 5, 1953.

R. 'C. Musslewhite, Lukfin, for appellants.

Kenley, Sharp & Shepperd, Longview, for appellee.

R. L. MURRAY, Justice.

This is an appeal by R. W. Dunn and his wife, Sarah Francis Dunn, who were

plaintiffs in the trial court, from an order of the district court of Angelina County, sustaining and granting the motion of Leon Tillman, one of the defendants in the trial court, for summary judgment, and entering judgment on said motion in favor of said Leon Tillman and against said R. W. Dunn and Sarah Francis Dunn.

No brief has been filed in behalf of the appellee.

This is a suit for damages suffered by appellants, R. W. Dunn and wife, Sarah Francis Dunn, because of personal injuries received by Sarah Francis Dunn in the collision of an automobile truck with the automobile in which Sarah Francis Dunn was riding. Appellants' First Amended Original Petition is shown on page one, et seq. of the Transcript and therein it is alleged by appellants that on the 10th day of January, 1951, Sarah Francis Dunn was riding in a 1940 model Four-door Chevrolet Sedan automobile belonging to B. C. McGilvra and wife, Bobbie Jeane McGilvra, then being driven and operated by Bobbie Jean McGilvra and that said automobile was traveling in an easterly direction on State Highway No. 94 in Angelina County, Texas at approximately forty (40) miles per hour and was being driven and operated at such time and place in a careful and prudent manner by the said Bobbie Jean McGilvra and that on said occasion a truck belonging to appellee, Leon Tillman, and being then driven and operated by Joe Edd Haverland as the agent, servant and employee of Leon Tillman, collided headon with the said McGilvra automobile and that the collision in question was directly and proximately caused by one or more of nine (9) acts of negligence by the said Joe Edd Haverland as the agent, servant and employee of the said Leon Tillman and that as a direct and proximate result of one or more of said acts of negligence appellants suffered and sustained damages in the total sum of Twelve Thousand Five Hundred and no/100 ($12,500) Dollars. In the alternative appellants allege in said petition that if the said Joe Edd Haverland was not driving and operating said truck as the agent, servant and employee of Leon Tillman, then he was driving and operat-

ing the same on said occasion as the agent, servant and employee of Leon Tillman and Maxey Haverland who owned and operated said truck as a co-partnership and also in the alternative plaintiffs allege in said petition that if Joe Edd Haverland was not driving and operating said truck on said occasion as the agent, servant and employee of Leon Tillman or Leon Tillman and Maxey Haverland as a co-partnership then he was driving and operating the same as the agent, servant and employee of Maxey Haverland, such alternative pleas having been included by appellants in said petition in view of the answers of defendants denying that Leon Tillman owned said truck or any interest therein and pleading affirmatively that Joe Edd Haverland was operating said truck on said occasion as the agent, servant and employee of Maxey Haverland alone.

On September 16, 1952 Leon Tillman, one of the defendants, filed his Motion for Summary Judgment.

In said motion for summary judgment, Leon Tillman alleges that Joe Edd Haverland was not the agent, servant or employee of Leon Tillman but was employed by Maxey Haverland and was driving and operating said truck as the agent, servant and employee of Maxey Haverland. The only affidavit filed by Leon Tillman in connection with such motion was his affidavit that all matters and facts contained in his Motion for Summary Judgment are true and correct.

Appellants deny the truth of the matters, facts and things set forth in appellee's motion for summary judgment by and through their attorney of record, R. C. Musslewhite, under oath.

The said motion for summary judgment was set for hearing on September 27, 1952 but was not heard until October 25, 1952, at which hearing there was no evidence of any character introduced by appellee or any defendant or by either of the plaintiffs.

On October 25, 1952 the court entered its order sustaining and granting said motion for summary judgment of appellee to which action, ruling and judgment of the court the plaintiffs, R. W. Dunn and Sarah

Francis Dunn, then and there, in open court, duly excepted and gave notice of their appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas.

Appellants filed their appeal bond on November 12, 1952 which is duly approved, thereby perfecting their appeal to this court from the judgment of the district court sustaining said motion for summary judgment.

The said motion for summary judgment was filed by appellee and granted by the trial court under Rule 166–A of the Texas Rules of Civil Procedure, which said rule is as follows:

"Rule 166–A

"(a) * * * A party seeking to recover upon a claim, counter-claim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. * * *

"(b) * * * A party against whom a claim, counter-claim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) * * * The motion shall be served at least ten days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"(d) * * * If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by exam-ining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith contro-verted. It shall thereupon make an order specifying the facts that appear without substantial controversy, in-cluding the extent to which the amount of damages or other relief is not in controversy, and directing such fur-ther proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed es-tablished, and the trial shall be con-ducted accordingly.

"(e) * * * Supporting and op-posing affidavits shall be made on per-sonal knowledge, shall set forth such facts as would be admissible in evi-dence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served there-with. The court may permit affidavits to be supplemented or opposed by dep-ositions or by further affidavits.

"(f) * * * should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essen-tial to justify his opposition, the court may refuse the application for judg-ment or may order a continuance to permit affidavits to be obtained or dep-ositions to be taken or discovery to be had or may make such other order as is just.

"(g) * * * Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the rea-sonable expenses which the filing of the affidavits caused him to incur, in-cluding reasonable attorney's fees, and

any offending party or attorney may be adjudged guilty of contempt."

The Texas rule pertaining to Summary Judgments is the same as the Federal rule pertaining to the same subject, substantially, if not literally, the Federal rule being Rule 56 of the Rules of Civil Procedure for the United States District Courts, the Federal rule being as follows:

"Rule 56.

"(a) A party seeking to recover upon a claim, counter-claim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

"(b) A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

"(d) If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

"(e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

"(f) Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"(g) Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt."

■ In the first instance the motion of appellee for summary judgment is in-

sufficient to warrant the action of the Court in granting said motion.

█ If the motion could be considered a sufficient one to authorize the court to act upon it, then it is evident that there was an issue of fact as well as to whether or not Leon Tillman owned the truck involved in the collision or as to whether or not Joe Edd Haverland was operating said truck as the agent, servant and employee of Leon Tillman and such issue of fact being in the case the court should have denied the said motion or summary judgment, a jury having been demanded by appellants.

A summary judgment may be given only if there is no dispute as to any material fact. Fountain v. Filson, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971.

In Parmelee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 585, 168 A.L.R. 1130, the court says: "If the pleadings raise a genuine issue of fact, material to the dispute between the parties, a summary judgment should not be entered. * * * On such a motion the burden of proof is on the moving party to establish that there is no genuine issue of fact and all reasonable doubts are resolved against him."

In Hoffman v. Partridge, 84 U.S.App. D.C. 224, 172 F.2d 275, 276, the court said: "It is well established that one who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, and that any doubt as to the existence of such an issue is resolved against the movant. The courts are quite critical of the papers presented by the moving party, but not of the opposing papers."

This same rule is stated in Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 154 F.2d 20, 21.

In De La Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 854, ref. n. r. e., the court holds that the burden is on the movant in a motion for summary judgment to demonstrate that there is no issue of fact and that all doubt as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.

█ In the court's order sustaining said motion for summary judgment, the court specifically stated that he considered only the affidavit of Leon Tillman (which in fact was not an affidavit supporting said motion for summary judgment) and the affidavit filed by appellants' attorney, and determined from those two instruments, and nothing else, that there is no genuine issue of fact in said cause as to the defendant, Leon Tillman. The court does not base its summary judgment on the pleadings already filed or any evidence. In fact the summary judgment is not supported by any evidence of any character, this being shown by the certificate of the official court reporter and the certificate of the judge of the district court in which it is certified that no evidence was offered by the movant, Leon Tillman, to sustain his motion. He not having offered any evidence, it was not incumbent upon appellants to offer any evidence.

In Mecom v. Thompson, Tex.Civ.App., 239 S.W.2d 847, the court holds that to authorize a trial court to proceed to summary judgment it must appear that there is no substantial evidence on a tendered issue or that considering the truth of the testimony it is without legal probative force.

In Arnstein v. Porter, 2 Cir., 154 F.2d 464, 470, which was a suit for damages for infringement on copyright of musical compositions, the suit was dismissed on motion for summary judgment on depositions and other evidence introduced by the movant. In that case a jury had been demanded. The court held: "We agree that there are cases in which a trial would be farcical. If, in a suit on a promissory note, the defendant, pleading payment, sets forth in an affidavit his cancelled check to the order of the plaintiff for the full amount due on the note and a written receipt in full signed by the plaintiff, while plaintiff in a reply affidavit merely states that he did not receive payment and suggests no other proof, then to require a trial would be absurd; for cross-examination of the defendant in such circumstances clearly would be futile. But where, as here, credibility, including that of the defendant, is crucial, summary judgment becomes improper and

a trial indispensible. It will not do, in such a case, to say that, since the plaintiff, in the matter presented by his affidavits, has offered nothing which discredits the honesty of the defendant, the latter's deposition must be accepted as true. We think that Rule 56 was not designed thus to foreclose plaintiff's privilege of examining defendant at a trial, especially as to matters peculiarly within defendant's knowledge. Illustrative of the dangers, in this respect, of summary judgments, if not cautiously employed, is a recent case in the court below. There the judge refused to grant summary judgment for defendants, despite a mass of impressive affidavits, containing copies of corporate records, the accuracy of which plaintiffs did not deny in their affidavits, and which on their face made plaintiffs' case seem nothing but a sham; at the trial, however, cross examination of the defendants revealed facts, theretofore unknown by plaintiffs, that so riddled the defendants' case as it had previously appeared on the summary judgment motion that the judge entered judgment against them for several million dollars, from which they did not appeal.

"We do not believe that, in a case in which the decision must turn on the reliability of witnesses, the Supreme Court, by authorizing summary judgments, intended to permit a 'trial by affidavits,' if either party objects. That procedure which, so the historians tell us, began to be outmoded at common law in the 16th century, would, if now revived, often favor unduly the party with the more ingenious and better paid lawyer. Grave injustice might easily result."

In Blood v. Fleming, 10 Cir., 161 F.2d 292, 293, 295, in which the plaintiff, O. P. A. administration sued defendant for violations of rules fixing maximum price ceiling rentals, alleging defendant was landlord, the court granted a motion for summary judgment. In reversing that decision the Circuit Court of Civil Appeals had this to say: "The rule [referring to the rule providing for summary judgments] was intended to provide against the vexation and delay which come from the formal setting for trial of those cases in which there is no substantial dispute on issues of fact. It was not intended to and should not be used as a substitute for a regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends.

"Viewed in this light, we are of the opinion that the trial court erred in entering summary judgment. We think there are questions of fact which are not without substantial dispute. The complaint charged appellant with being a landlord, and sought to hold him liable as such. In his answer he denied that he was a landlord or the owner of the premises. The complaint also sought to attach liability to him because he filed the rental registration. His answer alleged that he had no authority to file the rental registration and that he filed it at the request of the Office of Price Administration and as an accommodation to it. He also denied that he received and retained any of the rental moneys. These issues of fact were in dispute. * * We conclude that in the light of these disputed issues of fact it was error to enter a summary judgment."

From what has been said appellee's motion for summary judgment was not sufficient and for that reason should have been denied. If it can be said that such motion was a sufficient one, the only prerogative of the court in hearing the motion was to determine if no issue of fact concerning Leon Tillman's ownership of the truck involved or the agency of Joe Edd Haverland of Leon Tillman was raised in the case. The burden of proving this to the court was upon appellee. He failed entirely to discharge that burden.

It cannot be said under any theory that the record in this case established that there is not issue of fact between Leon Tillman and appellants in this cause. A jury having been demanded, the judgment of the trial court sustaining appellee's motion for summary judgment should be reversed and this part of said cause be remanded to the trial court for a trial on the merits. It is so ordered.

Reversed and remanded.

COE, C. J., concurs.

WALKER, J., dissents.