TEXAS BANK & TRUST CO. OF DALLAS
v. CLAY et al.

No. 6633.

Court of Civil Appeals of Texas. Texarkana.

March 19, 1953.

Matthews & Nash, Dallas, for appellant.

Boyet Stevens, Daingerfield, for appellees.

LINCOLN Justice.

Appellant brought suit in the 95th Judicial District Court of Dallas County, Texas, against defendants W. O. Clay, Weldon H. Clay and Leo Connor, to recover the amount due under terms of two promissory notes alleged to have been executed by W. O. Clay in favor of the other two defendants, doing business in Titus County as a partnership under the firm name of Connor-Clay Motor Company. The notes were payable to the motor company, and were endorsed in blank, (with recourse) and appellant became the owner in due course for value. W. O. Clay filed his plea of privilege to be sued in Hill County, Texas, alleging that to be the county of his residence. The defendant Leo Connor filed his plea of privilege to be sued in Morris County, Texas, alleging that to be the county of his residence; and defendant Weldon H. Clay filed his plea of privilege to be sued in Titus County, Texas, alleging that to be the county of his residence. The appellant did not file controverting pleas, but prior to the date set for hearing on the respective pleas of privilege it filed a motion in the Dallas County District Court admitting that venue did not lie in that county, and moved the court to transfer the case for trial to Titus County, residence of Weldon H. Clay. Said motion, after notice, was sustained by the District Court and the entire cause was transferred to the District Court of Titus County. Thereafter, the defendants Leo Connor and W. O. Clay filed motions in the District Court of Titus County to dismiss as to them on the ground that appellant had not filed controverting pleas to their pleas of privilege, and that the court had sustained their pleas of privilege but had transferred the cause to Titus County instead of to their respective counties. The Titus County District Court sustained the motions of Connor and W. O. Clay, and entered separate orders, dismissing the suit as to them, but made no order respecting the other defendant, Weldon H.

Clay. The suit was thus left pending in Titus County against the defendant Weldon H. Clay.

Appellant excepted to the action of the District Court in dismissing as to the two defendants, gave notice of appeal to this court and the case is here upon a transcript showing all the proceedings in the District Court of Dallas County and in the District Court of Titus County.

The appellant challenges the action of the District Court of Titus County in dismissing the suit as to the two defendants named by seeking to uphold the action of the District Court of Dallas County in transferring the cause to Titus County. Some interesting questions are presented, but we are unable to discuss them further or to pass upon them for the reason that it is our opinion no final judgment was rendered in the District Court of Titus County, and consequently no appeal will lie to this court based upon the actions taken.

Article 2249, R.S. of Texas, Vernon's Ann.Civ.St. art. 2249, authorizes an appeal to the Court of Civil Appeals "from every final judgment of the district court in civil cases * * *."

The rule stated in Tex.Jur., Vol. 3–A, page 82, § 63, has been uniformly followed in this state: "Aside from those instances in which an appeal from an interlocutory order is authorized, an appellate court cannot take jurisdiction of a case in which there has not been a definitive judgment rendered in the court below."

Rule 301, Texas Rules of Civil Procedure, provides that: "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." The rule in this respect has its source in the former statute, Art. 2211, R.C.S. 1925.

To be final, the judgment must dispose of all the parties and of all the issues in the case. In Lubell v. Sutton, 164 S.W.2d 41, 44, this court, through Chief Justice Johnson, said that: "A final judgment is one that determines the rights of all the parties and disposes of all the issues involved." One of the earliest cases in Texas which has been uniformly followed is Wootters v. Kauffman, 67 Tex. 488, 3 S.W. 465, 468, which said: "Our statutes provide that there shall be but one final judgment in any case. It follows from this that, if there be several defendants to a suit, no final judgment can be rendered against one until it is rendered against all, however independent of each other their respective defenses may be."

In Anderson v. Claxton, Tex.Civ.App., 291 S.W. 960, it was held that a judgment sustaining a general demurrer and dismissing as to some but not all defendants is not a final judgment and not appealable. The general rule is followed in Goodman v. Mayer, 133 Tex. 319, 128 S.W.2d 1156; Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377; Duke v. Gilbreath, Tex.Civ.App., 2 S.W.2d 324, writ dismissed; Williams v. D. H. Bell & Co., 53 Tex.Civ.App. 474, 116 S.W. 837, 840, by this court.

Many additional authorities might be cited in support of this rule, but it does not seem necessary to do so. In fact, as remarked by the distinguished jurist who wrote the opinion in Oilmen's Reciprocal Association v. Coe., Tex.Civ.App., 6 S.W.2d 1046, 1047: "The matter is too elementary to require the citation of authority that a judgment must be final in order that appeal therefrom may lie. A judgment is not final which makes no disposition of some of the defendants."

The petition alleges a joint and several liability against all the defendants, or at least, against Connor and Weldon H. Clay, the endorsers. When the court dismissed the suit as to Connor and W. O. Clay and left it pending as to the defendant Weldon H. Clay, it did not enter a final judgment, and in the absence of that no appeal will lie. Neither is there any law authorizing an appeal from this kind of interlocutory judgment. Had there been such law, then the record was not filed within twenty days after rendition of the order appealed from, as provided by Rule 385, T.R.C.P.

This court being without jurisdiction, the appeal is dismissed.