**GALLAHER**

**v.**

**CITY TRANSP. CO. OF DALLAS.**

No. 4967.

Court of Civil Appeals of Texas.

El Paso.

Nov. 25, 1953.

Rehearing Denied Dec. 16, 1953.

Ben T. Warder, Jr., Joe Hill Jones, Carter, Gallagher, Roberts & Jones, Dallas, for appellant.

W. D. White, Thomas R. Hartnett, III, Turner, White, Atwood, McLane & Francis, Dallas, for appellee.

FRASER, Justice.

Willie Gallaher, a feme sole, sued for personal injuries allegedly sustained when struck by a taxicab owned and operated by North Dallas Taxi Company. She will be hereafter designated as appellant.

Appellant sued two defendants, namely, J. L. Clemmons, d/b/a North Dallas Taxi Company, and City Transportation Company of Dallas, and alleged that each of the

defendants was jointly and severally liable to appellant. The motion for summary judgment of appellee City Transportation Company of Dallas was sustained and an order was entered dismissing City Transportation Company of Dallas from the case. The case of appellant against J. L. Clemmons d/b/a North Dallas Taxi Company is still pending and no judgment has been entered by the District Court adjudicating the rights between appellant and J. L. Clemmons d/b/a North Dallas Taxi Company.

Appellee has filed its motion to dismiss this appeal from the action of the court in granting the motion of appellee for summary judgment dismissing it from the lawsuit.

■ It is elementary, of course, that a judgment to be final must dispose of all issues and all parties. Miller v. Farmers' State Bank & Trust Co., Tex.Civ.App., 241 S.W. 540; Wootters v. Kauffman, 67 Tex. 488, 3 S.W. 465; Lubell v. Sutton, Tex.Civ. App., 164 S.W.2d 41, (wr. ref.).

■ Here we have a lawsuit filed by appellant against two defendants. The case was styled and numbered. Appellant charged defendants on a basis of joint and several liability. The trial court by summary judgment dismissed the appellee. The case as originally styled and numbered is on the docket untried as regards the other defendant. It seems, therefore, that the situation here does not meet the test defining a final judgment. It is possible that the cause against the two defendants is severable, and that appellant might sue the North Dallas Taxi Company independently of the appellee, but there has been no severance, it is still one lawsuit on the trial docket, and we are therefore constrained to hold that there has been no final judgment disposing of all the parties. The appeal must therefore be dismissed. We have considered the various cases cited by both sides and have not found any directly on all fours with the instant case. We realize that it is possible that on appeal of entire case the trial court's ruling might be reversed as to appellee after the case against the other defendant has been heard by the trial court, which would leave appellant's case against appellee still untried as to the merits, while her case against the other defendant *has* been tried. But such situation results from appellee's action in electing to ask for summary judgment rather than pursuing other courses open to him, such as moving the trial court for an instructed verdict, etc., and the failure of either party to sever.

■ The judgment must be final or there can be no appeal. Miller v. Farmers' State Bank & Trust Co., supra; Anderson v. Claxton, Tex.Civ.App., 291 S.W. 960 (no writ); Maxfield v. Dunagan, Tex.Civ.App., 254 S.W.2d 150, (no writ); Texas Bank & Trust Co. of Dallas v. Clay, Tex.Civ.App., 257 S.W.2d 774 (no writ).

There being no final judgment this court is without jurisdiction and the appeal must be dismissed.

McGILL, Justice (dissenting).

I am unable to agree with the disposition of this case. I think it is in direct conflict with the holding of the Fort Worth Court of Civil Appeals, in Richards v. Smith citation, 239 S.W.2d 724. The sole basis for that holding as I see it, was that the cause of action against Smith and Gregg was severable, and neither was a necessary party in the suit brought against the other. The opinion here seems to admit that the cause of action against the two defendants is severable and the disposition is grounded on the basis that there was in fact no severance. There was no severance in Richards v. Smith, as I understand it.

I think the proposed disposition is also in conflict with the case of Dunn v. Tillman, by the Beaumont Court of Civil Appeals, 255 S.W.2d 933. While the question apparently was not raised in the opinion, yet what was actually done is in conflict with the disposition proposed.

I think that the motion to dismiss the appeal should be overruled and the case disposed of on its merits, and therefore respectfully dissent.