

# Fourth Court of Appeals
## San Antonio, Texas

July 12, 2022

No. 04-22-00194-CV

Jerry A. **GUZZETTA,**
Appellant

v.

**BRIMHALL LQ, LLC** d/b/a La Quinta Hotel,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-14775
Honorable John D. Gabriel Jr., Judge Presiding

# O R D E R

### Background to Intervenor-Appellee Stolmeier's Plea to the Jurisdiction

In the underlying suit, Appellant Jerry Guzzetta sued Appellee Brimhall LQ, LLC for a premises liability claim in 2012. Parties entered into a settlement agreement in 2016, but Guzzetta then refused to execute the agreement because he had failed to obtain his employer's permission to settle with Brimhall. Guzzetta faced forfeiture of worker compensation money due to settling his claim with Brimhall. In 2017, the trial court agreed to accept and hold Brimhall's settlement money. In 2022, the court ordered that Guzzetta's settlement attorney, Patrick Stolmeier, could be paid from the settlement money, including interest to be calculated by the court clerk. The trial court declared the order final. The trial court then issued an amended order titled "Nunc Pro Tunc Order Granting Intervenor's Motion to Withdraw Funds from the Court Registry," which specified the amount of interest to be paid to Intervenor Stolmeier and declared that the order was final. Guzzetta, who still did not want his suit against Brimhall to become final, filed a motion for new trial. The motion was denied by operation of law. Guzzetta then appealed.

On appeal, Intervenor Patrick Stolmeier filed a plea to this court's jurisdiction.

## Jurisdiction re: "Wrong" Court Order

Intervenor Stolmeier argues inter alia that Appellant appealed the wrong court order. However, all that is needed to invoke this court's jurisdiction is a timely notice of appeal. *See In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

> In cases challenging the validity of a notice of appeal, "this Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction." *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex.2010). The primary "factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit, but whether the instrument was filed in a bona fide attempt to invoke appellate court jurisdiction." *Warwick Towers Council of Co–Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008).

*In re J.M.*, 396 S.W.3d at 530.

Here, Appellant filed a timely motion for new trial and then a timely notice of appeal. *See* TEX. R. APP. P. 26.1(a). Appellant can still cure formal defects under Texas Rules of Appellate Procedure 25.1. *Noorian v. McCandless*, 37 S.W.3d 170, 173 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citing TEX. R. APP. P. 25.1(f)).

Intervenor Stolmeier also argues that Guzzetta named the wrong order in his motion for new trial for purposes of invoking Texas Rule of Appellate Procedure 26.1(a). But the only difference between the trial court's January 7 order and its January 24 order is that the January 24 order specifies the legal rate of interest to be added to Intervenor Stolmeier's payment for legal fees and adds that amount to the total instead of directing the court clerk to make the calculation, which was not at issue in Guzzetta's motion for new trial. Guzzetta challenged the trial court's final order allowing Intervenor Stolmeier to be paid from the court registry. That issue remained eligible for appeal. We disagree that Guzzetta naming the January 7 order in his motion for new trial caused an insurmountable defect for purposes of invoking Rule of 26.1(a) of the Texas Rules of Appellate Procedure. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000) ("[A] timely filed post-judgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g), thus extending the trial court's plenary jurisdiction and the appellate timetable."); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 716 (Tex. App.—Dallas 2011, pet. denied) (citing TEX. R. APP. P. 26.1(a)) (disapproving unnecessary traps).

## Jurisdiction re: Finality of the Case

Next, Intervenor Stolmeier argues that this court does not have jurisdiction because the case was final in 2017. However, the dismissal he refers to from 2017 did not apply to all claims. *See Anderson v. Claxton*, 291 S.W. 960, 961 (Tex. Civ. App.—Amarillo 1927, no writ). Furthermore, the order on Brimhall's motion for summary judgment did not dispose of Intervenor Stolmeier's open claim, even though he joined Brimhall's motion. There was no order containing finalizing language until January 2022, and no appellate timetable began to run before that time. *See Lentino v. Frost Nat. Bank*, 159 S.W.3d 651, 653 (Tex. App.—Houston

[14th Dist.] 2003, no pet.) (citing *Guajardo v. Conwell*, 46 S.W.3d 862, 863–64 (Tex.2001)) ("[T]he judgment is final only if it either actually disposes of all claims and parties before the court, or it states with unmistakable clarity that it is a final judgment.").

### Premature or Speculative Arguments

The remainder of Intervenor Stolmeier's plea to the jurisdiction regarding the nature of Guzzetta's appeal is prospective and/or speculative, and we do not address it at this time. *See* TEX. R. APP. P. 38.6(b).

Intervenor Stolmeier's plea to the jurisdiction is denied.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of July, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court