BANKS v. BLAKE et al. (No. 6710.)

(Court of Civil Appeals of Texas. Galveston.
Nov. 13, 1914. Rehearing Denied
Dec. 10, 1914.)

1. APPEAL AND ERROR (§ 750*)—ASSIGNMENTS
OF ERROR—EFFECT.

An assignment that the court erred in over-
ruling plaintiff's motion to set aside the judg-
ment for defendants and to retry the cause on
its merits as between all the parties, because the
judgment was not final, in that it did not dispose
of the rights of all the parties, nor all the is-
sues, such motion being merely one for a new
trial, and filed too late, and not an equitable suit
for a new trial, was insufficient. to present for
review the question whether the judgment was

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3074–3083; Dec. Dig. §
750.*]

2. APPEAL AND ERROR (§ 20*)—ORDERS AP-
PEALABLE—JURISDICTION.

Where a motion for a new trial to set aside
a judgment rendered at a former term was filed
too late, so that the district court had no juris-
diction to entertain it, no appeal would lie from
an order overruling the motion.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 81–87; Dec. Dig. § 20.*]

3. APPEAL AND ERROR (§ 719*)—APPELLATE
COURT—JURISDICTION.

It is within the province of the Court of
Civil Appeals to determine in any case whether
it has jurisdiction to entertain an appeal, re-
gardless of whether the matter is presented by
an assignment of error.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig.
§ 719.*]

4. PARTITION (§ 95*) — PROCEEDINGS — FINAL
JUDGMENT.

Plaintiff sued for partition, claiming an un-
divided interest in the land in controversy, and,
his suit being resisted on the ground that he
had no title, he appealed, and pleaded, in ad-
dition to the plea of not guilty, the defense of
the statute of limitations of three, five and ten
years. A verdict was rendered in favor of de-
fendant B. alone, while the judgment recited
that plaintiff take nothing and the defendants
go hence, etc. Held, that the effect of the judg-
ment was to declare that plaintiff had no title to
any part of the land, and therefore was not enti-
tled to partition as to one and all of the de-
fendants, who, so far as plaintiff's claim was
concerned, were entitled to go hence, etc., and
was therefore final.

[Ed. Note.—For other cases, see Partition,
Cent. Dig. §§ 300–316; Dec. Dig. § 95.*]

Error from District Court, Jasper County;
W. B. Powell, Judge.

Suit by W. Gerard Banks against Roi
Blake and others for partition. From a judg-
ment in favor of defendants, plaintiff brings
error, and appeals from an order denying a
motion to set aside the judgment and for a
new trial. Affirmed.

See, also, 143 S. W. 1183.

H. C. Howell, of Jasper, for plaintiff in
error. Blake & Williams, of Jasper, for de-
fendants in error.

McMEANS, J. W. Gerard Banks brought
this suit against Roi Blake, Henry Bendy,
Marunda Bendy, Robert Bendy, Jim Bendy,

Alma Bendy, Alford Bendy, Mrs. Emma Mc-
Kinney, John McKinney, Mrs. Willie Watson,
Dave Watson, Mrs. Dora Wagner, F. M.
Wagner, Kate Dawson, Wyatt Dawson, Jerry
Bryant, and Alice Bryant for partition of 177
acres, the Jesse B. McNeely labor of land, in
Jasper county; the plaintiff claiming an un-
divided interest of 157 acres therein, and
conceding the ownership of 10 acres to the
defendants Roi Blake, Jerry Bryant, and
Alice Bryant, and 10 acres to the other de-
fendants.

Defendants Kate and Wyatt Dawson an-
swered, praying that the land be partitioned
and that the portion thereof to which they
were entitled be set apart to them. The de-
fendants Dave and Willie Watson answered,
pleading a general demurrer and general
denial. The defendants Roi Blake, Jerry
Bryant, and Alice Bryant answered, denying
that they were tenants in common with plain-
tiff, but alleged that they were the owners in
fee simple of the entire labor and in posses-
sion thereof, and pleaded not guilty, and also
filed a cross-bill, in which they sought, by ac-
tion of trespass to try title, to recover the
whole tract. In their answer they sought no
recovery as against their codefendants. The
other defendants did not answer.

To the cross-bill above mentioned the plain-
tiff answered, pleading not guilty and the
statute of limitation of three, five, and ten
years.

The case was tried before a jury, and upon
a verdict in favor of defendant Roi Blake
alone a judgment was entered, which recited:

"That the plaintiff, W. Gerard Banks, take
nothing by his suit, and that defendants go
hence without day, and that plaintiffs pay all
costs in this behalf expended," etc.

At the next succeeding term of the court
the plaintiff, claiming that the judgment
theretofore rendered was not a final judg-
ment, filed a motion to set aside the judg-
ment and to retry the case, which motion was
by the court overruled, to which plaintiff ex-
cepted and gave notice of appeal. After-
wards the plaintiff, Banks, sued out a writ
of error from the original judgment and from
the judgment overruling his motion to set
aside the judgment and retry the case, and
the appeal is now before us.

Appellant's only assignment of error is as
follows:

"The court erred in overruling the motion of
plaintiff, W. Gerard Banks, to set aside the
judgment rendered in said cause on the 11th day
of December, A. D. 1912, and to retry said cause
on its merits as between all the parties to said
cause, and in refusing to set aside said judg-
ment and retry said cause on its merits as be-
tween all the parties to said cause, because said
judgment is not a final judgment, in that it does
not dispose of all the parties nor all the issues
between the parties in said cause."

[1, 2] We are of the opinion that this as-
signment of error is not sufficient to bring in-
to review the question of whether the judg-
ment was or was not a final judgment. The

only complaint presented by it is as to the action of the court in overruling a motion to set aside the judgment made at a subsequent term of the court. This motion cannot be regarded as an equitable suit for a new trial because of the absence of necessary allegations to make it such. Being merely a motion to set aside a judgment which had been rendered at a former term, in other words, a motion for a new trial, the district court was without jurisdiction to entertain it, because it came too late. This being true, no appeal therefrom would lie, and therefore this court has no jurisdiction to pass upon the question presented by the assignment.

[3, 4] But it is within the province of this court to determine in any case whether it has jurisdiction to entertain an appeal, regardless of whether the matter is presented by an assignment of error, and in determining that question in this case we have carefully looked to the record to determine whether the judgment appealed from was or was not a final judgment, and after mature deliberation have concluded that it was final. It is true that the judgment does not follow the verdict, for the verdict is in favor of Roi Blake alone, while the judgment is that the plaintiff take nothing, and that the defendants go hence, etc. The plaintiff makes no complaint of this error, and, if he had, no question of our jurisdiction could have been predicated upon it. The suit as originally brought was for partition, the plaintiff claiming an undivided interest in the land. His suit was resisted on the ground that he had no title, and to meet this contention he pleaded, in addition to the plea of not guilty, the defense of the statute of limitations of three, five, and ten years. The effect of the judgment as rendered was to declare that he had no title to any part of the land, and therefore he was not entitled to a partition, and that, as to the defendants—all of them, that is, so far as plaintiff's claim of title and right of partition were concerned—they go hence without day. We think, therefore, that such judgment was final, and as the case is before us without any assignment of error that we can sustain, the judgment of the court below must be affirmed; and it has been so ordered.

Affirmed.