HENRY GOODMAN ET AL V. LOUIS MAYER AND HERMAN COHEN, TRUSTEES.

No. 7309. Decided June 7, 1939.
(128 S. W., 2d Series, 1156.)

*J. M. Shamblin, Chas. S. Spiner, J. S. Bracewell,* all of Houston, for plaintiffs in error.

*A. D. Dyess,* of Houston, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

There is but one question in this case. It is: Was there a final judgment?

The suit was brought in the District Court of Liberty County by Louis Mayer and Herman Cohen, Trustees, as plaintiffs, and against Henry Goodman, Lena Goodman, Sol Goodman, Minnie Rosenberg and husband, Sam Rosenberg, Abe Goodman, Harry Goodman, J. S. Bracewell and E. P. Jones, as defendants. It was in the nature of trespass to try title, and also had a count for damages for slander of title. A trial in the district court resulted in an instructed verdict for plaintiffs.

On February 20, 1935, judgment was entered in favor of the plaintiffs and against defendants Henry Goodman, Lena Goodman, Sol Goodman and Abe Goodman, awarding them title and possession of the lands in controversy. No disposition was made of the other defendants. All of the defendants named in the petition, except E. P. Jones and J. S. Bracewell, joined in motion for new trial. Bracewell signed said motion as attorney for the defendants, other than Jones. On March 14, 1935, the Court overruled the motion for new trial in all respects, "save and except that the judgment entered in this case on the 20th day of February, A. D. 1935, should be and the same is hereby amended so that nothing therein contained shall be held or construed as depriving the defendants or any of said defendants from such beneficial interest as they may have in the proceeds from the sale and/or lease of the land involved in this suit, if such beneficial interest they have, and nothing contained in said judgment shall deprive said defendants of such fractional part of the proceeds from the royalties reserved in the oil, gas and mineral lease executed by the trustees to Ralph Johnson, as they may be entitled to receive."

On June 15, 1936, plaintiffs filed a motion to amend the judgment entered February 20, 1935, but made no mention of the order of March 14, 1935. The motion merely sought to

have the judgment entered against all of the defendants named in the petition rather than against only those named in said decree of February 20, 1935. This motion prayed that notice be given defendants or their attorney, J. S. Bracewell. The clerk issued notice, addressed to the sheriff or any constable in Harris County, Texas, directing that it be served upon the defendants, naming them, including J. S. Bracewell individually and E. P. Jones, or their attorney of record J. S. Bracewell. This notice was delivered to J. S. Bracewell by one of the attorneys for plaintiffs. Bracewell answered the motion in his individual capacity only. Under oath he suggested the death of Lena Goodman, that she left three heirs, that he did not represent any of these heirs, and requested the Court to take no action upon the motion until said heirs had been made parties to the suit.

On July 1, 1936, the Court entered judgment as of date February 20, 1935, practically identical in terms with the prior decree, except that it was against all defendants named in the petition, including Lena Goodman. On July 2, 1936, E. P. Jones filed motion for new trial, praying that the judgment entered on July 1, 1936, be set aside. He was represented by J. M. Shamblin as attorney. The principal ground set up by him was that he had never been served with citation and had never made any appearance in the cause. Also on July 2, 1936, Henry Goodman, Minnie Rosenberg and husband, Sam Rosenberg, Abe Goodman and Harry Goodman filed motion for new trial. They were the defendants named in the original judgment entered February 20, 1935. Both motions for new trial were overruled on July 10, 1936. The order overruling these motions contained the following:

"It is further ordered, adjudged and decreed that the judgment of this court entered herein on the first day of July, A. D. 1936, amending and correcting the judgment entered herein on the 20th day of February, A. D. 1935, shall in no manner prejudice the rights of the parties as set forth in the order of this court entered herein on March 14, 1935."

On appeal, the Court of Civil Appeals sustained an assignment as to defendant E. P. Jones, and first reversed and remanded the cause as to him and all other defendants. On motion for rehearing the court remanded as to Jones, but affirmed the judgment of the district court as to all other defendants. In doing so the court did not mention or refer to any of the assignments urged by these defendants in their brief. 105 S. W. (2d) 281.

In our opinion, it is apparent from the foregoing statement that no final judgment was entered. The decree entered February 20, 1935, was admittedly not final, because it made no disposition of several of the defendants. The court in acting upon motion for new trial attempted to amend and supplement the judgment by making provisions protecting certain equities of defendants. We need not discuss the power of the court to make such an order, as it merely constituted an amendment to the judgment which was not final, and adding nothing to its finality. While having no force as judgments, nevertheless these two entries by the court are significant, because they furnish the highest evidence of the judgment which was in fact pronounced by the court.

We do not need to discuss the question raised about lack of notice and parties, so far as the nunc pro tunc judgment of July 1, 1936, is concerned, for the reason that said judgment is not final upon the merits. The purpose of a nunc pro tunc judgment is to record a judgment theretofore pronounced by the court, but which has been imperfectly or erroneously entered. As above indicated, the true purport and gist of the judgment pronounced by the court is reflected by the entries of July 20, 1935, and March 14, 1935. In order to be a final judgment the entry of July 1, 1936, should have contained the adjudication of the court on the merits of the cause as reflected by these two previous entries. The substance of the order of March 14, 1936, appears to be of considerable importance, and was not included in the decree of July 1, 1936. The reference in the order overruling the motion for new trial of July 10, 1936, to the order of March 14, 1935, obviously had no effect. As above indicated, said order of March 14, 1935, was not final within itself. In the next place, if it could be regarded as final, as touching a part of the merits of the case, and was preserved by the order of July 10, 1936, we would have the anomalous situation of two judgments on the merits in one case.

Besides, as there was no judgment against defendant E. P. Jones, and nothing to show affirmatively that the action was severable as to him, it occurs to us this would prevent the judgment from being a final one.

As there was no final judgment, an appeal would not lie. Therefore the judgment of the Court of Civil Appeals is reversed and the appeal is dismissed.

Opinion adopted by the Supreme Court June 7, 1939.