## LATSHAW et al. v. BARNES.

### No. 4250.

Court of Civil Appeals of Texas. El Paso.

Nov. 19, 1942.

Klapproth & Hamilton, of Midland, and Thomas & Thomas, of Big Spring, for appellants.

T. D. Kimbrough, of Midland, for appellee.

McGILL, Special Commissioner.

This is an appeal from a judgment of the District Court of Midland County, 70th Judicial District. An inspection of the record presents a question of our appellate jurisdiction, which requires determination, though not raised by assignment of error. Banks v. Blake, Tex.Civ.App., 171 S.W. 514, writ refused; 3 Tex.Jur. p. 81, sec. 34. That question is, whether the judgment appealed from is a final judgment from which an appeal will lie. Goodman v. Mayer, 133 Tex. 319, 128 S.W.2d 1156; 3 Tex.Jur. p. 106, sec. 53. The transcript includes the following pleadings, order and judgments, which are deemed material:

The suit was filed on January 22, 1941, by appellee D. E. Barnes against Mrs. M. A.

O'Connor, a feme sole, and others to quiet title to a tourist camp known as El Campo Moderno, located on a part of Section 33, Block 39, Township 1-South, Texas & Pacific Railway Company Surveys, in Midland County. The alleged cause of action was based on an executory sales' contract dated October 9, 1940, by which Barnes agreed to sell the Camp to O'Connor for a total consideration of $45,000, of which $2,500 was paid when the contract was signed. It was provided that deferred payments should be made in installments of $2,500 each in 30-day periods from date of the contract until $20,000 should be paid, when Barnes would execute a deed to the property, which should retain a vendor's lien securing vendor's lien notes for $5,000 each, totalling $25,000, and due at six months intervals. Possession was to be delivered to O'Connor upon signing the contract. Barnes agreed to deliver merchantable title to the property. No provision was made with respect to default in payments, but there was a provision giving Barnes the right to forfeit the contract and take immediate possession, in the event of breach of other covenants of O'Connor. It was alleged that O'Connor defaulted in payment of one half of the first installment and in the second and third installments, and Barnes forfeited the contract and took possession of the property.

Other parties defendant were alleged to have contracts with or conveyances from O'Connor which had been placed of record and which purported to give or convey to them some interest in the property. One party was alleged to be claiming a laborer's lien. All such rights were alleged to be inferior to Barnes' title.

In the alternative, a judgment was sought against O'Connor for $41,250, the balance due on the contract, with foreclosure of a superior lien in favor of Barnes.

Appellants filed their petition of intervention on February 21, 1941. They sought to recover $3,000 from Barnes, or, in the alternative, a one-fifteenth undivided interest in the property. Their petition is based on a contract between them and O'Connor, dated August 29, 1940, by which they agreed to purchase such interest from O'Connor, and pursuant to which they claimed to have paid her $3,000, which was by her paid to Barnes and accepted by him with knowledge of their contract. They alleged a scheme between Barnes and O'Connor to raise money to incorporate the

tourist camp and issue stock to prospective investors, and the abandonment of such undertaking; also that O'Connor was Barnes' agent in this promotion scheme, and fraudulent representations by her with his knowledge. On March 20, 1941, appellants filed their first amended petition of intervention, in which the allegations were substantially the same as in their original petition, but the additional relief sought was judgment against O'Connor as well as Barnes for the $3,000.

On June 10, 1941, Mrs. M. A. O'Connor filed her first amended original answer to the original petition of Barnes. She denied that she had breached her contract with Barnes and alleged that he did not have a good title to the property she contracted for, and that she notified him she would make no further payments until the title had been perfected; that without notice, he wrongfully ejected her from and repossessed the property. She prayed for judgment against him for $25,000, for damages, and for the reasonable rental value of the property and that she be restored to possession thereof and that Barnes be permanently enjoined from interfering with her possession.

On June 11, 1941, appellee filed his second motion to dismiss his cause of action against M. A. O'Connor and Jane Orris. For grounds, he stated that O'Connor and Orris had filed answers and cross actions, but none of the other defendants had answered, and he desired to dismiss his cause of action as to O'Connor and Orris and take a final judgment against the remaining defendants, such dismissal to be without prejudice to the right of O'Connor or Orris to be heard on their claim for affirmative relief. On June 12, 1941, the court granted this motion, and dismissed Barnes' cause of action against O'Connor and Orris "without prejudice to the right of either M. A. O'Connor or Jane Orris to be heard on their claim for affirmative relief," and on the same day entered judgment against the other defendants quieting Barnes' title to the property.

The case came on for trial March 4, 1942, and judgment was entered March 28, 1942. It recites the dismissal of Barnes' cause of action against O'Connor and Orris at the June Term, 1941, and the judgment in favor of Barnes against the other defendants; and continues: "And it further appearing to the court that the plaintiff D. E. Barnes had not in his suit asked for affirmative

—— against the intervenor R. H. Latshaw and Hattie E. McClelland and that all of the issues and parties in the original suit of D. E. Barnes had been finally determined at the June term 1941 of this court; then came intervenor, R. H. Latshaw, appearing in person and in open court and intervenor Hattie E. McClelland did not appear in person but both intervenors were represented by the honorable Clyde E. Thomas who announced ready for trial, and the defendant in intervention, D. E. Barnes, appeared in person in open court and through his counsel, T. D. Kimbrough, announced ready for trial, and the court as provided in Rule 174 as promulgated by the supreme court of Texas in furtherance of convenience and to avoid prejudice proceeded to trial, intervenors claim being a separate claim from any issue in the main suit filed by original plaintiff, D. E. Barnes; * * *."

The judgment rendered was: "* * * that the plantiffs in intervention, R. H. Latshaw and Hattie E. McClelland, take nothing against the defendant, D. E. Barnes, and that all costs in this behalf incurred be assessed against the intervenors, R. H. Latshaw and Hattie E. McClelland, and that D. E. Barnes recover of and from said intervenors his costs herein incurred, * * *."

We think it apparent that this was not such a final judgment as is required to form the basis of an appeal. Notwithstanding the recital that "all of the issues and parties in the original suit of D. E. Barnes had been finally determined at the June term 1941 of this court," there could be no final adjudication of those issues until all the issues between all the parties to the original suit and cross action were finally disposed of. Davis v. McCray Refrig. Sales Corp., 136 Tex. 296, 150 S.W.2d 377. There could be but one final judgment as to these issues. An order or judgment which did not dispose of all parties or all issues, either expressly or by necessary implication, was not final. Idem; 3 Tex.Jur. p. 114, sec. 56. The transcript contains no order or judgment which expressly purports to finally adjudicate the issues raised by the cross actions of O'Connor and Orris. The order of June 12, 1941, dismissing Barnes' cause of action against them, expressly provides that the right of either of them to be heard on their claim for affirmative relief shall not be prejudiced thereby. In the absence of such express order or judgment, and in view of the order of June 12, 1941, we think the recital above referred to does not expressly or by necessary implication dispose of these cross actions. Davis v. McCray, etc., supra; 3 Tex.Jur. p. 121, sec. 58. However, the court, under subsection (b) Rule 174, Rules of Civil Procedure, segregated the cause of action arising on the petition of intervention and tried that cause separate and apart from the original cause of action and cross actions, and we think was authorized to enter a separate and final judgment on such petition, without making final disposition of the issues raised by the original suit or cross actions. Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83. But M. A. O'Connor was made a party defendant in appellee's first amended petition of intervention. No disposition of appellants' cause of action against her appears in the judgment or elsewhere in the transcript. The provision that appellants take nothing against Barnes, without mention of O'Connor, did not have the effect of making the judgment final as to their cause of action against her. 3 Tex.Jur. p. 117, sec. 58, citing Freeman v. Miller, Tex.Civ. App., 160 S.W. 126.

Because it appears from the record that the judgment appealed from is not a final judgment, we are without jurisdiction. It is therefore ordered that the appeal be dismissed.

Dismissed.

This opinion directed to be written and is adopted by the court.

WALTHALL, J., not participating.