HARVEY H. DIMERLING V. BETTIE BEATRICE GRODHAUS ET VIR.

No. A-4326. Decided October 7, 1953.
Rehearing overruled November 11, 1953.
(261 S. W. 2d Series 561)

*G. F. Steger,* of Columbus, for petitioner.

*Miller & Rutta,* of Columbus, for respondent.

PER CURIAM.

Respondents Grodhaus sued our petitioner Dimerling in trespass to try title for land in Colorado County, their petition including counts of limitation title. Petitioner Dimerling filed a cross action for title to the identical land against the respondents and W. Brooke Hamilton, who held an oil lease under the respondents. The answers of the respondents and Hamilton to the cross action repeated the claims of limitation title originally pleaded by respondents as plaintiffs. There was evidence of a record title in the defendant-petitioner Dimerling and presumably also evidence of a ten-year limitation title of the plaintiff-respondents. The single jury issue submitted was on this latter point but was not answered. The court thereupon, following a motion of defendant-petitioner for judgment, made an order stating that petitioner Dimerling "do have and recover on his said cross-action of and from the plaintiffs, and of and from the cross-defendant, W. Brooke Hamilton, the title and possession of all those lands" in controversy; that the title of respondents and Hamilton is "hereby divested" out of them and "is hereby vested in" the petitioner and "that the clouds upon his said title by virtue of the claims of the plaintiffs and said cross-defendant be and the same are hereby removed"; but also providing the foregoing to be "without prejudice to the rights of said parties" (respondents and Hamilton) "to prosecute to final

determination their alleged cause of action for title by limitation and adverse possession to the lands in controversy," the suit, as to this latter issue, to "stand for trial again in due course," and the petitioner's motion for judgment being to that extent overruled, subject to his exception. Following this purported judgment, which reflects the trial judge's conclusion that petitioner had the paper title to the land, the respondents and Hamilton moved to set it aside on the ground (among others) that no judgment could be rendered "without disposing of the defense of limitation" asserted by them. These motions being overruled, the respondents appealed reasserting that the trial court erred in rendering "judgment" without disposing of their limitation claim, though also expressly asserting that the judgment was final and therefore appealable. In this latter proposition the petitioner, as appellee, expressly concurred. The Galveston Court of Civil Appeals held that the judgment in question was not final and that the cause would thus have to be retried on all issues, but instead of dismissing the appeal, ordered the cause "reversed and remanded." 259 S. W. 2d. 350, 352. The petitioner in seeking our writ of error, asserts primarily (and contrary to his earlier position) that the trial court judgment, because of its failure to dispose of respondent's limitation claim, was not a final judgment and that the appeal should have been dismissed, but says also that, should we hold the Court of Civil Appeals to have had jurisdiction, the "judgment" of the trial court should be allowed to stand.

We agree with the holding below (which does not appeal to be contested here) that the judgment was not final and that the cause must be retried on all points. As to the only real issue before us—whether the order of the Court of Civil Appeals should have been one of dismissal of the appeal as distinguished from a reversal and remand—the decision below conflicts with our own decisions in Goodman v. Mayer, 133 Texas 319, 128 S. W. 2d. 1156, and Henderson v. Shell Oil Co., 143 Texas 142, 182 S. W. 2d. 994. Accordingly, by authority of Rule 483, Tex. Rules Civ. Proc., we reverse the judgment of the Court of Civil Appeals upon the mere application for the writ and remand the cause to that court with instructions to change its judgment to one dismissing the appeal.

Since the greater part of the responsibility for the errors below, that is, the error of the trial court in making the kind of order it made and the error of the appellate court in not dismissing the appeal, seems to lie with the petitioner himself, the

costs in the Court of Civil Appeals and in this court are taxed three-fourths to the petitioner and one-fourth to the respondents.

Opinion delivered October 7, 1953.

Rehearing overruled November 11, 1953.