## WATSON v. WATSON et al.

### No. 5036.

Court of Civil Appeals of Texas.

El Paso.

May 26, 1954.

Rehearing Denied June 23, 1954.

James G. Noland, W. B. Browder, Jr., Stubbeman, McRae & Sealy, Midland, Williams & Thornton, Galveston, for appellant.

Stowe & Harmon, Odessa, Allison & Allison, Levelland, for appellees.

McGILL, Justice.

This was a suit by appellant as plaintiff against appellee as defendant. The suit was for a divorce and to set aside certain conveyances made by defendant and his partner Roy O. Cobb to the Permian Drilling Corporation, plaintiff alleging that such conveyances were made to defraud her of her interest in the community property of her and the defendant Ed H. Watson. The Permian Drilling Corporation was made a party defendant to the suit. On March 11, 1953, on motion of the Permian Drilling Corporation the court ordered that said corporation be granted a separate trial of the issues between plaintiff and it. On May 22, 1953, pursuant to such order the court proceeded to hear evidence and found that the transfers from the defendant Ed H. Watson and his partner Roy O. Cobb to the Permian Drilling Corporation were not fraudulent, and rendered judgment that such transfers and assignments were valid and that such property should remain the property of the Permian Drilling Corporation, and the lis pendens notices theretofore filed by plaintiff should be of no further force and effect; that plaintiff's application for appointment of a receiver of the Permian Drilling Corporation be denied and that all further causes of action on the part of plaintiff against said Permian Drilling Corporation be dismissed with prejudice. On July 21, 1953, plaintiff filed her third amended original petition in which she again complained of the transfers from the defendants Watson and Cobb to the Permian Drilling Corporation, and also added as defendant one Warren Bradshaw. She still sought a divorce from the defend-

ant Watson and cancellation of the conveyances from Cobb and Watson to the Permian Drilling Corporation, and restoration of the community assets which it was claimed the defendants acting together had wrongfully dissipated, and alleged that while the litigation was pending the defendant Bradshaw had purchased from Permian Drilling Corporation and was claiming title to leases on certain lands in Cochran County. This amended petition was ordered stricken by the court. The plaintiff then filed her plea to the jurisdiction of the court on the ground that neither the Permian Drilling Corporation nor Bradshaw was then a party to that suit and objected to the court's further proceeding for lack of jurisdiction on account of lack of indispensable parties. This plea was overruled. The court announced that the litigation between the plaintiff and the Permian Drilling Corporation had been adjudicated, and ordered the cause of action as to all other defendants to proceed to trial. The plaintiff then moved leave of the court to take a non-suit on the cause of action asserted by her for divorce. Such non-suit was allowed. On September 11, 1953, the plaintiff moved the court to enter a judgment holding for naught the judgment of May 22, 1953 and to render one final judgment. This motion was overruled. On October 16, 1953, the court entered an order in which it is recited and ordered that the action of the plaintiff in all things is dismissed. From this judgment the plaintiff has perfected her appeal. She here complains of the action of the trial court in ordering that the suit and cause as to Permian Drilling Corporation be separately tried and in thereafter proceeding to trial and judgment as to Permian without disposing of the other parties and issues and in refusing to enter one final judgment at the conclusion of the cause from which a motion for new trial could have been filed and presented on appeal. It is her position that if the order of March 11, 1953 effected a severance and created two separate independent suits and causes of action where before there was only one suit and cause, then the court had no jurisdiction to proceed in that separate and independent cause between the plaintiff and the defendant Permian Drilling Corporation, because of lack of necessary and indispensable parties.

Appellant has presented fifteen points. We think, as stated by appellee in his brief, that fundamentally there are only two questions involved in appellant's points 1, 2, 3 and 11, and appellees' counterpoints thereunder, and further that a proper disposition of these questions will dispose of the appeal. The first question is whether on March 11, 1953 there was a valid severance of the causes of action or issues between the plaintiff Juanita Watson and the defendant Permian Drilling Corporation from the other causes of action or issues between the plaintiff Juanita Watson and the other defendants, wherein the defendant Permian Drilling Corporation was not involved, and second if the foregoing question be answered in the affirmative, then were all the necessary and indispensable parties before the court at the trial of the severed cause in such a manner as to enable the court to dispose of all of the necessary and indispensable parties to all of the issues so settled. The order of March 11, 1953 is as follows:

"On this the 11th day of March, 1953, came on to be heard the Motion of Defendant, Permian Drilling Corporation, for a separate trial of the issues between Plaintiff and Permian Drilling Corporation, Defendant, in accordance with Texas Rule of Civil Procedure No. 174(b), in the above entitled and numbered cause, and the Court having read the same and the Plaintiff's reply thereto opposing same and the memorandum briefs of authority of both parties and having heard fully the arguments of counsel for Defendant, Permian Drilling Corporation, and for Plaintiff, and after due deliberation having been had, the Court was of the opinion that the Motion of Defendant, Permian Drilling Corporation, should be, and the same is hereby granted, and

"It Is Accordingly Ordered, that the said Motion of Permian Drilling Corporation be and the same hereby is in

all respects granted and a separate trial of the issues between the Plaintiff and the Defendant, Permian Drilling Corporation is hereby ordered to be held at such time as may hereafter be set by the Court in order to further convenience of the Defendant Permian Drilling Corporation and to avoid prejudice to Defendant Permian Drilling Corporation which would be occasioned by delay in the trial of the issues against this Defendant, and in order to do justice in the premises.

"To which Plaintiff in open court duly excepted.

"Entered this the ———— day of March, 1953.

> "R. W. Hamilton
> "R. W. Hamilton,
> "District Judge."

We think there can be no doubt but that this order effected a severance of the cause of action between the plaintiff and the Permian Drilling Corporation. Certainly the Court treated it as a severance and proceeded to trial of the cause of action the same as if it had been separately docketed. It was not essential that there should be a separate docketing of the cause thus severed. Latshaw v. Barnes, Tex.Civ.App., 170 S.W. 2d 531.

There can be no question that in a suit to cancel the conveyances made by Watson and Cobb or by either of them to the Permian Drilling Corporation that Watson and Cobb were necessary and indispensable parties. The appellee recognizes this and contends that although Watson and Cobb were not made formal parties to the suit against the Permian Drilling Corporation, yet since they actively participated in the trial they were in fact parties to the suit and are bound by the judgment rendered. They rely on such cases as Pelton v. Trico Oil Co., Tex.Civ.App., 167 S.W.2d 625 and Bragdon v. Wright, Tex.Civ.App., 142 S.W.

2d 703. The record does not affirmatively show that these parties actively participated in the trial between the plaintiff and the Permian Drilling Corporation. However, Watson and Cobb were parties defendant to the original suit filed by plaintiff. The order of March 11 merely provides that a separate trial of the issues between the plaintiff and the defendant Permian Drilling Corporation is ordered—it does not specify who shall be the parties in such proceeding. Since it is conceded that Watson and Cobb were necessary parties to such suit and since they were parties to the suit filed by plaintiff, it seems to us that the order of March 11th merely granting a separate trial of the issues between plaintiff and the Permian Drilling Corporation carried with it the necessary parties to such a suit, including Watson and Cobb, and that such parties were before the court in the hearing had on May 22nd; therefore the judgment of May 22nd effectively disposes of them as well as of the Permian Drilling Corporation, and was a final judgment which could have been appealed.

We think it unnecessary to write on appellant's other points. In view of what we have said they are clearly without merit and they are overruled.

It is therefore ordered that the judgment of the trial court be in all things affirmed.

HAMILTON, C. J., not participating.

On Appellant's Motion for Rehearing.

McGILL, Justice.

Our original opinion is corrected by striking the words "all parties" in the third line of the first paragraph on page four thereof, and substituting in lieu thereof the words "the court".

Motion for rehearing is overruled.