Beverly G. MUELLER, Appellant,

v.

C. Stanley BANKS, Independent Executor, Appellee.

No. 3322.

Court of Civil Appeals of Texas.
Eastland.

July 19, 1957.

Rehearing Denied Aug. 9, 1957.

Robert H. Rice, San Antonio, for appellant.

House, Mercer & House, San Antonio, for appellee.

LONG, Justice.

Beverly G. Mueller attempted to intervene in a de novo trial of an appeal from an order of the probate court in a contest between a temporary administrator and C. Stanley Banks, independent executor of the estate of Henry Mueller, deceased. On the motion of the independent executor the trial court dismissed the plea in intervention, from which order Beverly G. Mueller has attempted to appeal.

The order sustaining the appellee's motion to overrule appellant's application to intervene was entered on the fourth day of October, 1956. Appellant executed an appeal bond on the tenth day of October, 1956. The final judgment was entered on the fifteenth day of November, 1956. It, therefore, appears that appellant attempted to perfect an appeal from an order denying him permission to intervene prior to the entry of a final judgment in the main suit. The law is well settled in Texas that such an attempted appeal will not be permitted. Our Supreme Court in Stewart v. State, 42 Tex. 242, laid down the following rule:

"We know of no authority that authorizes an intervenor to bring up the case himself on appeal before the final determination of the case as between the original parties."

The following statement is found in 3 Tex. Jur. 136, section 71:

"Under the general rule, that a final judgment is one that disposes of all issues and parties in the case, a judgment which fails to dispose of all issues between the original parties, or between an original party and an intervenor, is not appealable. Accordingly, no appeal lies from an order dismissing a petition in intervention or denying permission to intervene until after a final judgment has been rendered."

This court made the same holding in the case of Polk County v. Thurman, Tex.Civ. App., 285 S.W.2d 487 (Writ Ref.).

We hold that no appeal is permitted from the order striking the plea of intervention and that this appeal should be dismissed for want of jurisdiction.

Appeal dismissed.