**B. G. MUELLER, Appellant,**

v.

**C. Stanley BANKS, Appellee.**

No. 13371.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 22, 1958.

Robt. H. Rice, San Antonio, for appellant.

House, Mercer & House, James D. Cunningham, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from an order of the District Court, 57th Judicial District of Bexar County, sustaining the motion of appellee for a summary judgment asking for a dismissal of the cause. An inspection of the record presents a question of our appellate jurisdiction, which requires determination, though not raised by the points of either party. Mueller v. Banks, Tex.Civ.App., 302 S.W.2d 447, error refused; Latshaw v. Barnes, Tex.Civ. App., 170 S.W.2d 531; Banks v. Blake, Tex.Civ.App., 171 S.W. 514, error refused; 34 Tex.Jur. 42, § 34; Haynes v. Felder, 5 Cir., 239 F.2d 868.

Appellee's motion for a dismissal was not sworn to, nor was it supported by affidavits, admissions or depositions. It is nothing more than an exception to the pleadings, setting up the two-year statute of limitation. The trial court entered its order sustaining the motion, but did not go further and actually dismiss the cause. Such an order is an interlocutory order from which there is no appeal.

A final appealable judgment is one that determines the whole matter in litigation as to all the parties, awards the judicial consequences which the law attaches to the facts, and leads to a final disposition of a cause, so that its ministerial officers can, with certainty, carry the judgment into execution without ascertainment of additional facts; otherwise the judgment is not final. Dunn v. Tillman, Tex.Civ.App., 271 S.W.2d 702; Dimerling v. Grodhaus, 152 Tex. 548, 261 S.W.2d 561, 152 Tex. 548; Grodhaus v. Dimerling, Tex.Civ. App., 259 S.W.2d 350. The judgment here does not award the judicial consequences

of the court's action in sustaining appellee's motion for a dismissal.

 The order entered by the trial court was not an appealable final judgment, and in the case of such a judgment, we have no jurisdiction other than to dismiss this appeal. Dimerling v. Grodhaus, 152 Tex. 548, 261 S.W.2d 561; Browning v. Gomez, Tex. Civ.App., 315 S.W.2d 79.

The appeal is dismissed.