hart v. reyes 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-160-CV





JUDY HART,



 
 APPELLANT


vs.





REUBEN REYES,


 APPELLEE



 




FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT



NO. 9873, HONORABLE H.R. TOWSLEE, JUDGE PRESIDING



 





 Judy Hart, appellant, the mother and managing conservator of Nicholas Anthony
Hart and Claire Elizabeth Reyes, applied for a protective order in the trial court. Claiming that
her ex-husband, Reuben Reyes, appellee, had engaged in conduct constituting family violence,
Hart sought a court order giving her exclusive possession of both children. Before the trial court
made a decision regarding the application, the parties reached an agreement providing, among
other things, that Reyes's visitation rights regarding Nicholas would be determined by an
independent counselor after the counselor's evaluation of the situation. Hart later sought to
withdraw from the agreement and filed a motion for new trial. The trial court signed an order in
accordance with the parties' agreement and denied Hart's motion for new trial. Hart appeals,
asserting that the trial court's order is void and that the trial court erred in denying her motion. 
We will dismiss Hart's appeal.

FACTUAL AND PROCEDURAL BACKGROUND


 Hart divorced Reyes on April 22, 1991. As part of the divorce, the parties agreed
that Hart would be the managing conservator of the two children and that Reyes would be the
possessory conservator with visitation rights. In 1992 Nicholas told his mother that Reyes had
asked him to touch Reyes's genitals. Hart reported these allegations to the Texas Department of
Human Services, which initiated an investigation. On the basis of Nicholas's outcry of sexual
abuse, Hart also filed an application for a protective order in which she requested that the court
grant her exclusive custody of both children. Apparently pursuant to a temporary court order,
Reyes was permitted supervised visitation with the children during the pendency of Hart's
application.

 On October 14, 1992, the trial court conducted a hearing at which the parties stated
they had reached an agreement. The attorneys for the parties read the agreement into the record,
and both Hart and Reyes personally ratified the agreement under oath. The agreement concerned
issues of visitation, counseling, and criminal charges previously filed by Hart against Reyes. Part
of the agreement concerned whether and how long Reyes would have to continue supervised
visitation with the children. Both parties agreed that this issue would be resolved by Jose
Cardenas, a counselor recommended by a doctor already involved in the case. The parties recited
the following agreement into the record:


MS. NELSON [Reyes's attorney]: . . . . The third category is how long the
supervised visitation is to continue, and we have agreed that the supervised
visitation will continue until at least October--the weekend of October the 30th. 
We know for sure it's going to continue until then. That by October the 28th Mr.
Cardinas [sic], who is [a] counselor and who the children will be seeing, and that's
another part of the order I will be announcing, he is to issue a written report to the
parties as to whether the supervised visitation should continue or be discontinued. 
And whatever he recommends from then on is what the parties will abide by.


. . . .


THE COURT: What was the doctor's name again?


MS. NELSON: His name is Jose Card[e]nas.


THE COURT: Is it Doctor Card[e]nas?


MS. NELSON: No, sir, he is a counselor . . . .

THE COURT: If he recommends that they cease the supervised visits then the
parties have agreed that they will cease, that is supervised visits?


MS. NELSON: Yes.


. . . .


. . . .


. . . . And we have also agreed that there will be three dates [that Nicholas]
Anthony will see Jose Card[e]nas, who Dr. Poole and Dr. Hickman have both
approved of and who Dr. Poole recommended.

 It is also agreed that between now and October the 27th that there
will be three dates of counseling with Mr. Card[e]nas and that Mrs. Hart, because
she takes the child, will arrange those three dates and set those dates today before
we leave the courthouse so that we have notice of what those dates are.



The agreement set forth a specific visitation schedule pending Cardenas's recommendation, and
also two different schedules for "supervised" and "unsupervised" visitation, one of which would
later become effective depending on Cardenas's recommendation. In addition, the parties agreed
that Hart would request that a pending simple assault charge against Reyes be dismissed. After
the parties testified under oath that they agreed to these terms, the court stated:


THE COURT: . . . . I consider this to be a Rule 11 agreement and I find it to be
reasonable and I'm here and now entering judgment in accord therewith. So it will
take a new trial if you want to change it. It's sealed and delivered right now.


 The meetings between Cardenas, Reyes, and Nicholas occurred as contemplated
in the parties' agreement. At some point, however, Hart became dissatisfied with the manner in
which Cardenas was investigating her son's situation. At the end of October, Cardenas
recommended that the children begin unsupervised visitation with their father. After Cardenas
issued his recommendation, Hart complained to her attorney and, ultimately, to the trial judge. 
Hart expressed her reservations regarding Cardenas to the judge and informed him that she no
longer consented to the October 14 agreement.

 On December 16 the trial court signed an order despite Hart's objections. The
order set forth terms for both supervised and unsupervised visitation, in accordance with the
parties' agreement, by Reyes with the children. The order then provided:


C. TERM OF SUPERVISED VISITATION


 Supervised visitation of Reuben Reyes with both Nicholas Anthony Hart and
Claire Elizabeth Reyes is to continue until at least October 25, 1992. Mr. Jose
Cardenas, counselor for Anthony Nicholas Anthony Hart [sic] and Reuben Reyes,
is to issue a written report to the parents no later than October 28, 1992, as to
whether supervised visitation should continue or not continue.


 If supervised visitation is not to continue beyond October 25th, Reuben Reyes
will exercise visitation with Nicholas Anthony Hart and Claire Elizabeth Reyes as
provided in this order under unsupervised visitation beginning Friday, October 30,
1992.


The December 16 order did not incorporate Cardenas's recommendation, which by then was a
month and a half old. Before signing the order, the court struck a statement reciting that it was
the agreement of the parties. Hart filed a motion for new trial, which the trial court denied, and
brought this appeal.


DISCUSSION


 In five points of error, Hart asserts that (1) the trial court's order is void because
Hart withdrew her consent before the court rendered judgment; (2) the court's order is void
because the court improperly delegated its judicial authority to Cardenas; (3) the court erred in
denying Hart's motion for new trial on the basis of newly discovered evidence; (4) the agreed
order, as a contract, is void on the ground that a unilateral mistake or mutual mistake of fact
existed at the time the parties reached the agreement; and (5) the portion of the order requiring
the parties to request dismissal of all criminal charges violated the Penal Code, causing the order
to be void due to illegality. We will not reach the merits of Hart's points of error, because we
conclude that the trial court's order is not final and appealable.

 In order to be final for appeal purposes, a judgment must fully dispose of all issues
and all parties in the lawsuit. Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985); North East
Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893 (Tex. 1966).


"A judgment must [also] be sufficiently definite and certain to define and protect
the rights of all litigants, or it must provide a definite means of ascertaining such
rights, to the end that ministerial officers can carry the judgment to execution
without ascertainment of facts not therein stated." Thus, a judgment cannot
condition recovery on uncertain events, or base its validity on what the parties
might or might not do post-judgment.


Hinde, 701 S.W.2d at 639 (quoting Steed v. State, 183 S.W.2d 458, 460 (Tex. 1944)); see also
Stewart v. USA Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994). A purported
judgment expressly referring to an undecided issue is plainly interlocutory. McCormick Operating
Co. v. Gibson Drilling Co., 717 S.W.2d 425, 426 (Tex. App.Tyler 1986, no writ) (citing
Dimerling v. Grodhaus, 261 S.W.2d 561 (Tex. 1953)); Taylor v. Hicks, 691 S.W.2d 839, 840
(Tex. App.Fort Worth 1985, no writ) (holding credit contingent on purchase of land rendered
order not final); see Roberts v. Brittain, 659 S.W.2d 750, 751 (Tex. App.Tyler 1983, no writ)
(holding judgment containing options for boundary line depending on whether parties built fences
was so uncertain and indefinite as to be void).

 The visitation provisions of the trial court's December 16 order are not definite or
certain, nor do they provide a definite means of ascertaining visitation so that ministerial officers
can enforce the order without independently ascertaining Cardenas's decision. (1) The order
expressly refers to an uncertain event Cardenas's determination regarding visitation. Thus, the
December 16 order is interlocutory and is not appealable.

 We recognize that "a judgment which settles all the legal issues and rights between
the parties is final and appealable `though further proceedings may be necessary in the execution
of it or some incidental or dependent matter may still remain to be settled.'" Hinde, 701 S.W.2d
at 639 (citation omitted); see Ferguson v. Ferguson, 338 S.W.2d 945 (Tex. 1960). In contrast
to such a judgment, the December 16 order does not settle the legal issues and rights of the parties
regarding visitation. The order does not decide the issue of visitation. Further proceedings to
ascertain and incorporate Cardenas's recommendation into an order are needed, and will constitute
a substantive change to the order. Cf. Tex. Fam. Code Ann. § 11.22 (West Supp. 1994)
(providing for clarification of orders not specific enough to be enforced by contempt). Finally,
the issue of visitation, which remained to be settled, was not merely incidental to the order, but
was a primary issue disputed by the parties.

 Hart asserts that the order is void. We do not agree. An order may be void if it
is outside the trial court's authority. Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990)
("A judgment is void only when it is apparent that the court rendering the judgment had no
jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the
judgment, or no capacity to act as a court."). Pursuant to the December 16 order, Hart, Reyes,
and Nicholas were to meet with Cardenas. The order specified a visitation schedule for the period
before Cardenas's decision, and set forth both supervised and unsupervised visitation schedules
to take effect later depending on Cardenas's recommendation. The trial court had authority to
make the order and approve Hart and Reyes's agreement to submit their dispute to Cardenas, if
it was in the children's best interest. See Tex. Fam. Code Ann. § 11.11(a) (West Supp. 1994)
(authorizing court in a suit affecting the parent-child relationship to make any temporary order for
the safety and welfare of the child). Thus, the order was within the court's judicial authority.

 An order also may be void if it is too indefinite or uncertain. Stewart, 870 S.W.2d
at 20. For example, in Stewart, the trial court signed a captionless order of dismissal which did
not identify any party or cause number. Id. After the order was signed, a computer list of over
a dozen cases was attached; the order, however, did not incorporate the attachment by reference. 
Id. The Texas Supreme Court held that such an order was void because it was too indefinite and
uncertain. Id. Similarly, in Steed v. State, the supreme court remanded a cause to the trial court
where an order committed a juvenile to a state school until his twenty-first birthday, but did not
include his birth date. 183 S.W.2d at 460. In both cases the trial court's order purported to
decide the issues, but the order was so indefinite and uncertain that the order could not be carried
into execution without ascertaining additional facts. Because the orders in Stewart and Steed were
void, and therefore of no force and effect, they were reversed and the causes remanded to the trial
courts. Stewart, 870 S.W.2d at 20; Steed, 183 S.W.2d at 460. In contrast, when an order is not
void, but instead is interlocutory, the proper remedy is to dismiss the appeal. Dimerling, 261
S.W.2d at 562. The order in this case is not void, but merely interlocutory. The order does not
purport to presently decide the issue of visitation, but instead leaves the issue contingent on
Cardenas's recommendation.

 Because the order is not final, we do not address the merits of Hart's complaints. 
The trial court was not bound by Hart's and Reyes's agreement, but had a duty to decide whether
the agreement was in the children's best interest. Similarly, the court had a duty to review
Cardenas's decision, find whether the decision actually made by Cardenas was in the children's
best interest, and then issue an order setting out the visitation terms and finally disposing of the
case. See Tex. Fam. Code Ann. § 14.07(a) (West Supp. 1994) (providing that best interest of
child shall always be primary consideration of court in determining access to child). At the trial
court's review of Cardenas's decision, Hart may raise any complaints she feels are appropriate,
including complaints that she is not bound by the parties' agreement to submit their dispute to
Cardenas, that a mistake of fact existed at the time of the agreement, that the portion of the
agreement requiring the parties to request dismissal of all criminal charges violated the Penal
Code, or that Cardenas's decision is not in the children's best interest. 



CONCLUSION


 We conclude that the trial court's judgment is not final for purposes of appeal;
therefore, we dismiss Hart's appeal.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Appeal Dismissed

Filed: August 31, 1994

Do Not Publish
1. Cardenas's written recommendation is not in the appellate transcript and apparently was
not filed with the trial court prior to the December 16 order. Our knowledge is based on
deposition testimony admitted at a hearing on Hart's motion for new trial.