TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00149-CV

Thomas Retzlaff, Appellant

v.

Roger and Monica Courteau, Appellees

FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 162,752-C, HONORABLE RICK MORRIS, JUDGE PRESIDING

PER CURIAM

 This appeal concerns a parental termination suit brought by appellees Roger and
Monica Courteau against appellant Thomas Retzlaff. Retzlaff appeals from a sanctions order
striking his plea in intervention. We will dismiss the appeal for want of jurisdiction.

 On February 3, 1997, counsel representing Retzlaff filed a plea in intervention,
cross-action, and, in the alternative, motion to modify order in suit affecting the parent-child
relationship with the Bell County District Clerk. Although the Courteaus filed a motion to strike
the plea, the trial court did not address the motion. Instead, on February 6, the court entered
temporary orders in the suit and ordered that Roger Courteau, Monica Courteau and Retzlaff each
deposit a sum of $1000 into the registry of the court by February 26, 1997, to be used for
reasonable attorney's fees for legal services rendered by the attorney ad litem for the child,
L.H.C. The trial court further ordered that the failure by any party to deposit such funds would
be grounds for dismissal of any affirmative action pled by that party. Retzlaff failed to make such
payment and on March 6, 1997, following a hearing on the matter, the trial court ordered that all
pleadings filed by Retzlaff be stricken with the condition that he would be immediately reinstated
as a party to the suit and his pleadings would be reinstated upon receipt of the $1000 deposit with
the district clerk. It is from this order that Retzlaff appeals.

 With few exceptions, appeals are allowed only from final judgments. Hinde v.
Hinde, 701 S.W.2d 637, 639 (Tex. 1985); Mafrige v. Ross, 866 S.W.2d 590, 591-92 (Tex. 1993);
North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). Section 51.014 of the
Texas Civil Practice and Remedies Code creates such exceptions by permitting an appeal from
certain interlocutory orders. See Tex. Civ. Prac. & Remedies Code Ann. § 51.014(West 1997). 

 In the instant case, Retzlaff attempts to appeal from an interlocutory order that has
the effect of striking his motion to intervene. The order expressly makes the court's termination
of Retzlaff's parental rights contingent and dependent upon a future judicial determination that
Retzlaff is, in fact and in law, L.H.C.'s father. Such an order is not an appealable order and
Retzlaff must wait until after a final judgment has been rendered before he may bring his appeal. 
See id., Mueller v. Banks, 302 S.W.2d 447, 448 (Tex. App.--Eastland 1957, writ ref'd). Because
the order is not an appealable interlocutory order, it is not within our power to review for error. 
 The appeal in this cause is hereby ordered dismissed for want of jurisdiction.

Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: June 18, 1998

Do Not Publish